## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXANDER JIGGETTS | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-15-2676 |
| STATE OF MARYLAND | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

The above-captioned case was filed on September 10, 2015. The self-represented pleading was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241.

Petitioner is currently confined to Spring Grove Hospital after he was found not competent to stand trial. In the instant pleading he seeks to challenge the constitutional validity of Maryland's statutory provisions permitting the commitment of persons in a mental health facility where such commitment delays a trial on the merits of the underlying criminal charges. ECF 1. Petitioner asserts that Md. Crim. Proc., Code Ann. §3-106, which allows for a hearing every six months, violates Maryland Rule 4-271, requiring a speedy trial within 180 days. *Id.* He states that the statute "cannot violate the right to a speedy trial unless Maryland Rule 4-271 was repealed." *Id.* He concludes that it is illegal and unconstitutional to deny him a trial on the pending criminal charges against him based on incompetency to stand trial. *Id.* The petition does not state a federal claim and has been filed prematurely.

Under Maryland law there is a requirement that the prosecution bring a defendant to trial within 180-days of the appointment of counsel or the appearance of counsel unless a postponement for good cause shown is granted by the trial court. *See* Md. Rule 4-271(a)(1). In the instant case, a "delay" of the criminal trial cannot be established where, as here, there has

been no trial. Moreover, the assertion that Maryland's 180 day requirement has been violated does

not implicate petitioner's Sixth Amendment right to a speedy trial. Assuming the violation will occur

in this case, it is not a cognizable claim for federal habeas corpus relief. *See Estelle v. McGuire*, 503

U.S. 62, 67- 68 (1991) "[I]t is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions. In conducting habeas review, a federal court is limited to

deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.*

The cause for delay at issue in this case, evaluation of petitioner's competency, has been determined

by the Maryland appellate courts to be constitutionally valid. *See Lewis v. State*, 79 Md. App. 1, 555

A.2d 509 (1989) (delay in trial caused by competency examinations did not result in speedy trial

right violation); *Langworthy v. State*, 46 Md. App. 116, 416 A.2d 1287 (1980) (competency

examinations are charged against defendant because the evaluation is solely for his benefit).

Furthermore, the exhaustion requirement applies to petitions filed pursuant to 28 U.S.C.

§2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized

that in some circumstances considerations of comity and concerns for the orderly administration

of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see*

*also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to

2241 petition challenging civil commitment). Thus, before filing a federal habeas petition,

petitioner must exhaust each claim presented by pursuing remedies available in state court. *See*

*Rose v. Lundy*, 455 U. S. 509, 521 (1982). The claim must be fairly presented to the state

courts; this means presenting both the operative facts and controlling legal principles. *See Baker*

*v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000). Exhaustion includes appellate review in the

Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v.*

*Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to

review federal constitutional challenges to state convictions in order to preserve the role of the

state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

As a person committed to a mental health facility, petitioner has a right under Maryland law to file a petition for release in state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located. *See* Md. Health Gen. Code Ann., § 10-805(a) and (b). Denial of an application for release may be appealed. *See id.*, §10-805(h). Petitioner has not challenged his commitment order in state court. Special circumstances justifying federal intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Petitioner's claims that he is illegally confined may be litigated in a state forum without harm to petitioner's constitutional rights. The habeas petition must be dismissed without prejudice by separate order which follows.[1]

_____ 16 ___
Date

_____
J. Frederick Motz
United States District Judge

---

[1] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). The instant petition fails to demonstrate a basis for a certificate of appealability; thus, it shall not issue.